UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA M. BRADY,

    Plaintiff

v.

DAVITA, INCORPORATED,

    Defendant

Case No. 1:20-cv-910

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Lisa M. Brady brings this action against her former employer, alleging claims of unlawful employment discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and related claims under Ohio law. This matter is before the Court on Defendant DaVita, Incorporated's partial motion to dismiss the Title VII claims (Doc. 10), Plaintiff's response in opposition to the motion (Doc. 12), and Defendant's reply (Doc. 13). For the following reasons, the undersigned recommends that Defendant's partial motion to dismiss be granted.

**I.    Standard of Review**

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege facts that, if taken as true, are sufficient to "raise a right to relief above a speculative level" *Hensley Mfg., Inc. v. Propride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) and state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly,* 50 U.S. 544, 555 (2007)). A claim has factual plausibility when the factual content the plaintiff pleads allows the court to draw the reasonable inference that

1

the defendant is liable for the misconduct alleged. *Hensley,* 579 F.3d at 609. This standard does not require detailed factual allegations but requires "more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id.*

Defendant seeks to dismiss Plaintiff's Title VII claims on grounds that they are untimely. A 12(b)(6) motion to dismiss on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (emphasis original, quoting *Ott v. Midland-Ross Corp.,* 523 F.2d 1367, 1369 (6th Cir. 1975)). Further, a 12(b)(6) dismissal for failure to state a claim is a judgment on the merits and is done with prejudice. *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

**II.     Background**

In her Complaint, Plaintiff generally alleges that she was unlawfully discriminated against and/or retaliated against under Title VII when she was terminated on February 4, 2018. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. (Doc. 1 at 4-5). The EEOC issued a Notice of Right to Sue letter to Plaintiff on July 25, 2018, which she received on or about July 28, 2018. (*Id.*)

It is undisputed that on October 24, 2018, Plaintiff previously filed suit in this Court alleging virtually identical claims. *See Lisa Brady v. DaVita Incorporated,* Case No. 1:18-cv-737 (S.D. Ohio) (hereinafter "First Action"). Through counsel, Plaintiff filed a Stipulation of Dismissal, dismissing her First Action without prejudice on November 14, 2019. (*Id*. at Doc. 10)[1]  *See, generally,* Rule 41(a)(1), Fed. R. Civ. P. On November 11,

---

[1] Review of a motion to dismiss generally is limited to the pleadings, but a court may take judicial notice of matters of public record. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp*., 413 F.3d 553 (6th Cir. 2005).

2020, Plaintiff filed the instant Complaint, again naming DaVita, Incorporated and alleging claims of unlawful discrimination and/or retaliation under state and federal law. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant now moves to dismiss the Title VII claims asserted by Plaintiff on grounds that Plaintiff failed to file them within 90 days of receiving her July 25, 2018 Notice of Right to Sue, as required by 42 U.S.C. §2000e-5(f)(1).

### III. Defendant's Motion Should Be Granted

Defendant's motion is supported by the time limitations set forth in Title VII and controlling Sixth Circuit case law, and therefore should be granted. A plaintiff seeking relief under Title VII of the ADA must file suit within ninety days of receipt of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-(5)(f)(1); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 (6th. Cir. 2000). Like any other statute of limitations, the 90-day deadline bars suit if the complaint is not timely filed. *Truitt v. County of Wayne,* 148 F.3d 644, 646-7 (6th Cir. 1998) (holding that the ninety-day filing requirement is a "timing requirement similar to a statute of limitations."). This statutory limit has been strictly enforced by federal courts. *Graham-Humphreys,* 209 F.3d at 557. Further, the Supreme Court has held that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980).

Plaintiff admits that she received her Notice of Right to Sue on July 28, 2018. However, Plaintiff did not file this lawsuit until November 11, 2020 – nearly two years beyond the ninety-day deadline set forth in Title VII. In opposition to dismissal, Plaintiff argues that the voluntary dismissal of her First Action "without prejudice" provides a basis for extending or tolling the relevant statute of limitations. She maintains that her

3

compliance with Rule 41(a)(1) of the Federal Rules of Civil Procedure in dismissing her First Action somehow tolls the limitations period to preserve her present claims. (*See* Doc. 12). But in *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26 (6th Cir. 1987), the Sixth Circuit unequivocally rejected the identical argument. *See also Tate v. United Services Associates, Inc.,* 75 Fed. Appx. 470, 471 (6th Cir. 2003). In *Wilson*, the court reasoned that "[i]t is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Id.,* 815 F.2d at 27, citing *Bomer v. Ribicoff,* 304 F.2d 427, 428 (6th Cir. 1962); *see also Harris v. City of Canton, Ohio,* 725 F.2d 371, 376-77 (6th Cir. 1984). Therefore, if the Title VII limitations periods runs before the new action is filed, the new action will be untimely. *Id.*

Plaintiff complains that this controlling law means that her prior voluntary dismissal without prejudice amounts to a dismissal with prejudice. (Doc. 12 at 1). Apart from the fact that Plaintiff's policy argument provides no grounds for this court to ignore binding Sixth Circuit precedent, Plaintiff's reasoning is unpersuasive. The procedural rules embodied in the Federal Rules of Civil Procedure operate independently of, and have no bearing on, Title VII's substantive limitations period. The enforcement of Title VII's filing limitation is a condition of liability, and Plaintiff cannot recover unless that condition precedent is fulfilled. *Bomer,* 304 F.2d at 429. Here, Plaintiff's Title VII claims are untimely because the voluntary dismissal of Plaintiff's original action did not toll the statutory period

and she did not file her current Complaint until well after her limitations period had run on her Title VII claims.[2]

In a final attempt to avoid dismissal of her Title VII claims, Plaintiff points to an Ohio law that permits an action to be refiled within one year of a voluntary dismissal. *See* O.R.C. § 2305.19. However, the presence of a federal limitations period in Title VII bars the application of the Ohio Savings Statute. *See Spurlock v. University of Toledo,* 86 F.Supp.3d 744, 746 (N.D. Ohio 2015). The long-standing principle regarding the significance of the Title VII limitations period states that "where the statute creating a cause of action also fixes a limitation of time in which an action may be brought, the limitation is regarded as a part of the substantive law of the cause of action." *Thompson v. Fresh Products, LLC*, 985 F. 3d 509, 519 (6th Cir. 2021) (internal quotation marks and citation omitted). Courts will look to a state's statute of limitations only when the federal statute is silent. *See Johnson v. Railway Exp. Agency, Inc.,* 489 F.2d 525, 530 (6th Cir. 1973). In the case of Title VII, the limitations periods are expressly provided and may not be modified by state law. *Id*. Further, allowing a state savings statute to toll Title VII's limitations provision would ruin the uniformity of its operation, because it would result in many different limitations periods, contradicting the intended purpose of a federal limitations provision. *Burnett v. New York Cent. R. Co.,* 380 U.S. 424, 433 (1965); citing *Engel v. Davenport,* 271 U.S. 33, 39 (1926). In short, the Ohio Savings Statute is not applicable to this Complaint. *Johnson,* 489 F.2d at 530.

---

[2]Even where a court does allow a federal statute of limitations to be tolled, the tolling must take place before the end of the limitations period. *Gex v. Toys "R" Us, Inc.,* 2007 WL 2852351 (S.D. Ohio Oct. 2, 2007).

**IV. Conclusion and Recommendation**

For the reasons stated, **IT IS RECOMMENDED THAT** Defendant DaVita's partial motion to dismiss Plaintiff's Title VII claims with prejudice (Doc. 10) be **GRANTED.** Plaintiff's Title VII claims should be dismissed as untimely, with this case to proceed on Plaintiff's remaining claims under 42 U.S.C. § 1981 and state law.

<u>*Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LISA M. BRADY, | Case No. 1:20-cv-910 |
| Plaintiff | Barrett, J.<br>Bowman, M.J. |
| v. | |
| DAVITA, INCORPORATED, | |
| Defendant | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).