**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LISA M. BRADY, | Case No. 1:20-cv-910 |
| Plaintiff | Barrett, J.<br>Bowman, M.J. |
| v. | |
| DAVITA, INCORPORATED, | |
| Defendant | |

**MEMORANDUM OPINION AND ORDER**

The above-captioned case has been referred to the undersigned magistrate judge. (Doc. 4).  On August 3, 2021, the Court adopted the Report and Recommendation of the undersigned and granted Defendant's partial motion to dismiss certain claims pursuant to Defendant's partial motion to dismiss, while allowing other claims to proceed to discovery.  (Docs. 18, 19).  Discovery closed in this case on December 20, 2021, and Defendant timely filed a motion for summary judgment on January 14, 2022.  On the date that Plaintiff was due to file her response to that motion, February 4, 2022, she instead filed a motion for an indefinite extension of time in which to respond.  (Doc. 30).

Plaintiff's motion was filed in violation of several Local Rules of Civil Procedure and Standing Orders.  To begin with, Plaintiff failed to comply with Local Rule 7.3(a), which requires parties to first seek the consent of opposing counsel prior to filing any motion for an extension of time and "affirmatively state that such consultation has occurred or was attempted in good faith and shall state whether the motion is unopposed."

1

Plaintiff's motion seeks an extension of time of indeterminate length in order to discuss "discovery issues" in an informal telephone conference with the Court – namely, her vague objections to Defendant's discovery responses.  She suggests that she seeks an extension of sufficient length to allow her to respond to the pending dispositive motion after said telephone conference, assuming that she can persuade the Court to rule in her favor and direct the Defendant to produce additional discovery.  Notably, Defendant served its discovery responses on December 20, 2021 and Plaintiff failed to notify opposing counsel of **any** alleged inadequacies or objections to the discovery responses prior to filing the "surprise" motion for an extension of time on the date her response to the dispositive motion was due.  As Defendant points out in its opposition to the motion for extension of time,[1] Plaintiff's citation to Local Rule 37.1 in her motion for extension of time only highlights Plaintiff's violation of that same rule, which forbids the filing of discovery-related motions "unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."  The Court's last discovery-related order also directed the parties to "employ all reasonable extrajudicial efforts to resolve any further dispute prior to contacting the Court for further assistance."  (Doc. 23).  *See also*, *generally*, Standing Orders on Civil Procedure of both presiding U.S. District Judge Michael R. Barrett and of the undersigned magistrate judge.

In addition to violating Local Rule 37.1, the Court's September 1, 2021 Order, and the referenced Standing Orders, any discovery motion is untimely because Plaintiff failed to raise any objection prior to the close of discovery.  And even if this Court had granted Plaintiff permission to file an untimely discovery motion (which it has not), Plaintiff's

---

[1] Plaintiff failed to file any reply to Defendant's response in opposition.

extremely vague objections do not identify with specificity any deficient discovery response that precludes her from responding to the pending dispositive motion. In short, Plaintiff's response to the pending motion for summary judgment was due more than three weeks ago, on February 4, 2022, and she has failed to demonstrate good cause for extending the time in which to file her now-overdue response.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's motion for an extension of time (Doc. 32) is **DENIED**;

2. Plaintiff shall file her overdue response to the motion for summary judgment not later than **March 9, 2021**. If no response is filed by that date, the Court will consider the pending motion for summary judgment to be unopposed.

*Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge