UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lisa M. Brady,

    Plaintiff,

          v.                     Case No. 1:20-cv-00910

Davita, Inc.,                   Judge Michael R. Barrett

    Defendant.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 37). The Magistrate Judge recommends that the Court grant Defendant's Motion for Summary Judgment. (*Id.*); *see* (Doc. 29). Plaintiff filed timely objections. (Doc. 40). Defendant filed a timely Response in Opposition to Plaintiff's objections. (Doc. 41).

### I. STANDARD OF REVIEW

With respect to dispositive matters, and when the Court receives timely objections to an R&R, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### II. ANALYSIS

The Magistrate Judge adequately summarized the factual and procedural background of this case in the R&R, and the Court will not repeat the same herein unless necessary to respond to Plaintiff's objections.

As an initial matter, the Court agrees with the Magistrate Judge and Defendant that Plaintiff abandoned her claims of national origin discrimination and retaliation in light of her failure to respond to Defendant's arguments regarding those claims in Defendant's Motion for Summary Judgment. *See* (Doc. 37 PageID 646-47); (Doc. 41 PageID 668 n.1); *see also Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006) (affirming trial court's finding that party's failure to properly respond to the arguments raised in a motion for summary judgment constituted an abandonment of those claims); *Wright v. Stagnaro Distrib., LLC*, No. 1:20-CV-00369, 2021 WL 5416525, at *12 (S.D. Ohio Nov. 18, 2021). Plaintiff does not argue otherwise in her objections.

Turning to Plaintiff's remaining claims for race discrimination under federal and state law, Plaintiff first argues that the Magistrate Judge improperly determined genuine issues of material fact that should have been reserved for a jury. *See, e.g.*, (Doc. 40 PageID 662, 665). The Magistrate Judge found that a reasonable jury could find for Plaintiff on the factual issue of whether, on February 4, 2022, Plaintiff's immediate supervisor told Plaintiff that Plaintiff was fired. (Doc. 37 PageID 636, 640). After drawing this reasonable inference, *i.e.*, that Plaintiff's supervisor had verbally terminated Plaintiff on February 4, 2022, in Plaintiff's favor, the Magistrate Judge then reviewed the remaining evidence of record and found that Defendant quickly reversed and rescinded Plaintiff's February 4, 2022 termination; Defendant communicated this quick reversal and rescission to Plaintiff multiple times by three individuals; and, under this Circuit's precedent, Defendant's quick reversal and rescission necessitates the finding that Plaintiff did not suffer an adverse employment action. (Doc. 37 PageID 640-42) (first citing *Keeton v. Flying J, Inc.*, 429 F.3d 259, 263 (6th Cir. 2005); then citing *Parker v. Metro. Gov't of*

*Nashville*, No. 3:14-CV-00959, 2016 WL 205380, at *3 (M.D. Tenn. Jan. 15, 2016); then citing *Smith v. Chicago Transit Auth.*, No. 12 C 8716, 2014 WL 3892233, at *7 (N.D. Ill. Aug. 5, 2014); and then citing *Beard v. Don McCue Chevrolet, Inc.*, No. 09 C 4218, 2012 WL 2930121, at *7 (N.D. Ill. July 18, 2012)). The Magistrate Judge then held that Plaintiff's reversed and rescinded termination did not amount to an adverse employment action and, accordingly, Plaintiff cannot establish the third element of her prima facie case. (Doc. 37 PageID 643). Plaintiff's objections ignore the Magistrate Judge's additional findings and reliance on the above precedent, and do not otherwise convince the Court that the Magistrate Judge erred.

Plaintiff next argues, for the first time in this case, that the actual adverse employment action that Defendant took against her was—not the February 4, 2022 termination—the verbal warning and subsequent write-up that Plaintiff would have received if she had returned to work after February 4, 2022, because such a write-up would allegedly end her pending request to transfer work station locations. (Doc. 40 PageID 662-63). Putting aside the fact that Plaintiff neither raised this argument in her Response to Defendant's Motion for Summary Judgment nor provides a compelling reason why the Court should allow her to raise it now, *see Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), Plaintiff's argument fails as a matter law, *Finley v. City of Trotwood*, 503 F. App'x 449, 454 (6th Cir. 2012) (holding verbal warning insufficient to show adverse employment action); *Taylor v. H.B. Fuller Co.*, No. 06CV854, 2008 WL 4647690, at *8 (S.D. Ohio Oct. 20, 2008) (same); *Powell v. Anthem Prescription Mgmt., Inc.*, No. 1:04-CV-00468, 2005 WL 1652706, at *5 (S.D. Ohio June 16, 2005) (same).

Finally, Plaintiff asserts that the Magistrate Judge improperly disregarded the two affidavits that Plaintiff submitted with her Response to Defendant's Motion for Summary Judgment. (Doc. 40 PageID 663-65). However, a review of the two affidavits reveals that the Magistrate Judge correctly found the affidavits to contain primarily conclusory and unsupported statements and thus insufficient to defeat summary judgment. *See* (Docs. 35-1, 35-2); *see also* (Doc. 37 PageID 635 n.3, 643-45).

### III. CONCLUSION

Based on the foregoing de novo review, the Court **OVERRULES** Plaintiff's Objections (Doc. 40) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R (Doc. 37). Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 29) is **GRANTED**. The Clerk shall **ENTER JUDGMENT** in Defendant's favor and thereafter **CLOSE** and **TERMINATE** this case from the Court's active docket.

IT IS SO ORDERED.

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court